# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 20-cv-3144

KATHERINE KOPP, an individual,

        Plaintiff,

v.

ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, an Illinois corporation,

        Defendant.

## COMPLAINT

### INTRODUCTION

1. This is an action for bad faith breach of an insurance contract. On October 21, 2017, Plaintiff Katherine Kopp ("**Plaintiff**") was involved in a motor vehicle accident. Plaintiff suffered a knee injury that resulted in three surgeries, prolonged physical therapy, and significant and continuing pain and suffering. The at-fault driver's insurance carrier settled for policy limits but Allstate Fire and Casualty Insurance Company ("**Allstate**"), Plaintiff's uninsured/under-insured motorist carrier, refused to pay anything. Allstate gave only one reason for declining to pay anything to Plaintiff: "the Allstate insured would be fully compensated under the tortfeasor settlement limits of $100,000." Allstate made this statement knowing that Plaintiff's medical bills were more than double the at-fault driver's policy limits. Allstate's denial of covered benefits was unreasonable and breached its contract of insurance covering Plaintiff.

## JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) in that the amount in controversy exceeds $75,000.00, and Plaintiff and Allstate are citizens of different states.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

4. Plaintiff is an individual who resides in the City and County of Denver, State of Colorado.

5. Allstate is an Illinois corporation.

6. Allstate has a principal place of business at 2775 Sanders Road, Northbrook, Illinois 60062.

7. Allstate may be served through the Colorado Division of Insurance, 1560 Broadway, Suite 850, Denver, Colorado 80202.

## FACTS

8. On or about October 21, 2017, Plaintiff was involved in a motor vehicle accident.

9. At the time of the accident, Plaintiff was insured under Allstate Policy of Insurance 987 061 582 (the "**Policy**").

10. The Policy includes "Uninsured Motorists Insurance" with policy limits of $250,000.00 per person and $500,000.00 per accident.

11. Under the Uninsured Motorists Insurance coverage part, Allstate must pay damages that Plaintiff is legally entitled to recover from the owner or operator of an "uninsured auto" because of bodily injury to Plaintiff.

12. An "uninsured auto" includes a motor vehicle that has liability insurance that is less than the amount of damages that the insured person is entitled to recover for bodily injury from the owner or operator of the motor vehicle.

13. This coverage part is referred to as "UM/UIM Coverage".

14. As a result of the accident, Plaintiff experienced a 0.3 cm full-thickness cartilage fissure within the central medial patellar facet with a 0.9 cm area of adjacent grade 3 cartilage fissuring.

15. After conservative treatment options failed, Plaintiff underwent three separate surgeries to repair her knee.

16. Following her surgeries, Plaintiff underwent physical therapy.

17. Following one surgery, Plaintiff went to the emergency room.

18. Following her surgeries, Plaintiff has attended multiple follow-up appointments with physicians.

19. Although these surgeries have improved the function of her knee, Plaintiff still experiences pain and stiffness in her knee and a reduced quality of life.

20. The at-fault driver maintained a policy of insurance with liability limits of $100,000.00.

21. The at-fault driver was the owner or operator of an "uninsured auto".

22. With the consent of Allstate, Plaintiff agreed to settle with the at-fault driver for the full amount of the at-fault driver's policy limits.

23. Following Plaintiff's settlement with the at-fault driver, Plaintiff provided Allstate with evidence of medical expenses and other out-of-pocket damages totaling approximately $230,259.54.

24. $230,259.54 is approximately the amount of economic damages that Plaintiff has incurred as a result of the car accident.

25. Plaintiff's total damages, both economic and non-economic, reasonably exceed a total of $355,000.00 (the total of the at-fault, underinsured motorist, and medical payment coverages at issue).

26. Plaintiff demanded that Allstate pay the policy limits of $250,000.00.

27. Despite Plaintiff's economic damages exceeding the at-fault driver's policy of insurance limits of $100,000.00 by more than $100,000.00, Allstate refused to pay any amount to Plaintiff.

28. The only reason that Allstate gave for denying payment of any amount to Plaintiff is that Plaintiff was fully compensated under the tortfeasor settlement limits of $100,000."

29. Allstate did not deny Plaintiff's claim on any other basis.

30. There was no other basis upon which to deny Plaintiff's claim.

31. Allstate's denial was a denial as to the amount of benefits and not a denial as to the liability for benefits.

32. Plaintiff was not "fully compensated" under the tortfeasor settlement limits of $100,000.00.

33. On information and belief, Allstate refused to pay any amount due and owing under the UM/UIM coverage because Allstate is impermissibly taking into account collateral sources to value and adjust Plaintiff's claim.

34. On information and belief, Allstate is impermissibly discounting the amount of damages incurred by Plaintiff by considering payments made by Plaintiff's health insurance carrier.

///
///
///

## COUNT I
## (Breach of Contract)

35. Plaintiff incorporates by reference all of the foregoing allegations as though fully set forth herein.

36. Plaintiff was an insured person under the Policy.

37. Plaintiff was legally entitled to recover from the owner or operator of an "uninsured auto" for "bodily injury" sustained by Plaintiff.

38. The "bodily injury" was caused by accident and arose out of the ownership, maintenance or use of an uninsured auto.

39. Plaintiff was entitled to payment under the "Uninsured Motorists Insurance Coverage" part of the Policy.

40. The Policy is a valid and binding obligation of Allstate.

41. Plaintiff has performed all conditions precedent to the enforcement of the Policy. To the extent Plaintiff has not performed, such non-performance in excused.

42. Allstate has failed to perform under the Policy.

43. Allstate has breached the Policy.

44. Plaintiff is entitled to damages in an amount to be determined at trial by jury.

## COUNT II
## (Bad Faith Breach of Insurance Contract)

45. Plaintiff incorporates by reference all of the foregoing allegations as though fully set forth herein.

46. Allstate is a "person engaged in the business of insurance" as that term is used by C.R.S. § 10-3-1115(a)(1).

47. Plaintiff is a "first party claimant" as that term is defined by C.R.S. § 10-3-1115(1)(b).

48. Allstate has denied a claim for benefits owed to Plaintiff.

49. Allstate denied Plaintiff's claim for benefits without a reasonable basis for denying the benefits.

50. Plaintiff was entitled to payment of $250,000.00, which was the "covered benefit" under the Policy.

51. Plaintiff is entitled to judgment equal to two times the amount of the covered benefit.  C.R.S. § 10-3-1116(1).

52. Plaintiff is entitled to her reasonable attorney fees and costs.  C.R.S. § 10-3-1116(1).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Katherine Kopp prays for relief and judgment against Allstate Fire and Casualty Insurance Company:

A. Awarding Plaintiff damages in for breach of contract in an amount to be determined at trial;

B. Awarding Plaintiff two times the amount of her covered benefit under C.R.S. § 10-3-1116(1);

C. Awarding Plaintiff her reasonable attorney fees and costs under C.R.S. § 10-3-1116(1);

D. Awarding Plaintiff pre-judgment and post-judgment interest as may be allowed under the law; and

E. Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

Plaintiff is entitled to and hereby demands a trial by jury.

Dated: October 20, 2020

                                                Respectfully submitted,

                                                /s/ Daniel J. Vedra
                                                Daniel J. Vedra
                                                Vedra Law LLC
                                                1444 Blake Street
                                                Denver, CO 80202
                                                Phone: (303) 937-6540
                                                Fax: (303) 937-6547
                                                Email: dan@vedralaw.com