IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:  1:20-cv-03144-KLM

KATHERINE KOPP

      Plaintiff,

v.

ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY

      Defendant.

## ALLSTATE'S ANSWER TO PLAINTIFF'S COMPLAINT

      The Defendant, Allstate Fire and Casualty Insurance Company, through its attorneys, Tucker Holmes, P.C., submits the following Answer to Plaintiff's Amended Complaint:

### RESPONSE TO INTRODUCTION

      1.     Allstate admits that Plaintiff was involved in a motor vehicle accident on October 21, 2017 and that Plaintiff eventually accepted the tortfeasor's policy limits in settlement of the claim against the tortfeasor. Allstate denies that it "only gave one reason for declining to pay anything to Plaintiff." Allstate provided a report from a qualified orthopedic surgeon which concluded that Plaintiff's knee complaints stemmed from a congenital defect and were not the result of acute injury. (**Exhibit A**, 7/21/2020 Report of Dr. Stephen Barron.) The report is central to Plaintiff's claims and should have been identified in the Complaint as a copy was sent to Plaintiff's counsel on July 21, 2020.

### RESPONSE TO JURISDICTION

2.      Allstate admits the allegations contained in paragraph 2 of Plaintiff's Complaint and agrees this Court has jurisdiction.

3.      Allstate admits the allegations contained in paragraph 3 of Plaintiff's Complaint and agrees that venue in this District is proper.

## RESPONSE TO PARTIES

4.      Allstate admits the allegations contained in paragraph 4 of Plaintiff's Complaint.

5.      Allstate admits the allegations contained in paragraph 5 of Plaintiff's Complaint.

6.      Allstate admits the allegations contained in paragraph 6 of Plaintiff's Complaint.

7.      Allstate admits the allegations contained in paragraph 7 of Plaintiff's Complaint.

## RESPONSE TO FACTS

8.      Allstate admits the allegations contained in paragraph 8 of Plaintiff's Complaint.

9.      Allstate admits the allegations contained in paragraph 9 of Plaintiff's Complaint.

10.     Allstate admits the allegations contained in paragraph 10 of Plaintiff's Complaint.

11.     Allstate admits that paragraph 11 is a reasonably accurate summation of underinsured motorist coverage.

12.     Allstate admits that paragraph 12 is a reasonably accurate statement of what constitutes an underinsured automobile for purposes of underinsured motorist coverage.

13.     Allstate admits the allegations contained in paragraph 13 of Plaintiff's Complaint.

14.     Allstate denies the allegations contained in paragraph 14 of Plaintiff's Complaint.

15.     Allstate admits that Plaintiff underwent various treatments for her right knee but denies that the treatment was necessitated by the October 21, 2017 motor vehicle accident.

16.      Allstate admits that Plaintiff underwent various treatments for her right knee but denies that the treatment was necessitated by the October 21, 2017 motor vehicle accident.

17.      Allstate admits that Plaintiff underwent various treatments for her right knee but denies that the treatment was necessitated by the October 21, 2017 motor vehicle accident.

18.      Allstate admits that Plaintiff underwent various treatments for her right knee but denies that the treatment was necessitated by the October 21, 2017 motor vehicle accident.

19.      Allstate admits that Plaintiff underwent various treatments for her right knee but denies that the treatment was necessitated by the October 21, 2017 motor vehicle accident.

20.      Allstate admits the allegations contained in paragraph 20 of Plaintiff's Complaint.

21.      Allstate denies the allegations contained in paragraph 21 of Plaintiff's Complaint.

22.      Allstate admits the allegations contained in paragraph 22 of Plaintiff's Complaint.

23.      Allstate denies the allegations contained in paragraph 23 of Plaintiff's Complaint.

24.      Allstate denies the allegations contained in paragraph 24 of Plaintiff's Complaint.

25.      Allstate denies the allegations contained in paragraph 25 of Plaintiff's Complaint.

26.      Allstate admits the allegations contained in paragraph 26 of Plaintiff's Complaint.

27.      Allstate denies the allegations contained in paragraph 27 of Plaintiff's Complaint.

28.      Allstate denies the allegations contained in paragraph 28 of Plaintiff's Complaint.

29.      Allstate denies the allegations contained in paragraph 29 of Plaintiff's Complaint.

30.      Allstate denies the allegations contained in paragraph 30 of Plaintiff's Complaint.

31.      Paragraph 31 of Plaintiff's Complaint is confusing, and Allstate can neither admit nor deny the allegations as presently written. In any event, the parties have a disagreement

regarding the nature of the injuries caused by the October 21, 2017 motor vehicle accident. Allstate has not denied that Plaintiff is a covered person.

32.     Allstate denies the allegations contained in paragraph 32 of Plaintiff's Complaint.

33.     Allstate denies the allegations contained in paragraph 33 of Plaintiff's Complaint. The adjuster informed Plaintiff's counsel that a medical review concluded that Plaintiff's knee complaints resulted from a congenital defect. The report (**Exhibit A**) was provided to Plaintiff's counsel on the same date the adjuster received it. The amount of medical expenses and any collateral source concerns were not a material factor of the adjuster's position that the October 21, 2017 motor vehicle accident did not cause Plaintiff's injuries.

34.     Allstate denies the allegations contained in paragraph 34 of Plaintiff's Complaint. The adjuster informed Plaintiff's counsel that a medical review concluded that Plaintiff's knee complaints resulted from a congenital defect. The report (**Exhibit A**) was provided to Plaintiff's counsel on the same date the adjuster received it. The amount of medical expenses and any collateral source concerns were not a material factor of the adjuster's position that the October 21, 2017 motor vehicle accident did not cause Plaintiff's injuries.

## COUNT 1
### (BREACH OF CONTRACT)

35.     In response to Plaintiff's incorporation of all prior allegations, Allstate incorporates its responses to all prior paragraphs as if fully set forth herein.

36.     Allstate admits the allegations contained in paragraph 36 of Plaintiff's Complaint.

37.     Allstate admits that Plaintiff was entitled to pursue a claim and recover damages from the tortfeasor. Any remaining factual allegations in paragraph 37 are denied.

38.     Allstate admits that Plaintiff suffered some bodily injury in the accident.  Allstate denies that Plaintiff's ongoing knee complaints are related to the motor vehicle accident.

39.     Allstate denies the allegations contained in paragraph 39 of Plaintiff's Complaint.

40.     Allstate admits that the insurance policy in a contractual agreement which imposes duties, obligations, and rights on all parties to the contract.

41.     Allstate denies the allegations in paragraph 41 of Plaintiff's Complaint. Plaintiff did not return a medical authorization requested multiple times. By failing to provide a medical authorization, Plaintiff improperly restricted Allstate's investigation. Without a medical authorization, Allstate was unable to independently obtain Plaintiff's pre-accident medical records which are relevant to the ongoing causation dispute. The failure to return an authorization is a failure to cooperate with Allstate's investigation and a failure to fulfill all contractual requirements. The policy unambiguously provides that Allstate "must" be authorized to obtain medical records pertinent to the claim. The policy also provides that "No one may sue us under Uninsured Motorists Insurance coverage unless there is full compliance with all the policy terms." Plaintiff failed to comply with all Policy terms.

42.     Allstate denies the allegations contained in paragraph 42 of Plaintiff's Complaint.

43.     Allstate denies the allegations contained in paragraph 43 of Plaintiff's Complaint.

44.     Allstate denies the allegations contained in paragraph 44 of Plaintiff's Complaint.

## COUNT 2
### (BAD FAITH BREACH OF INSURANCE CONTRACT)

45.     In response to Plaintiff's incorporation of all prior allegations, Allstate incorporates its responses to all prior paragraphs as if fully set forth herein.

46.     Allstate admits the allegations contained in paragraph 46 of Plaintiff's Complaint.

47.     Allstate admits the allegations contained in paragraph 47 of Plaintiff's Complaint.

48.     Allstate denies the allegations contained in paragraph 48 of Plaintiff's Complaint.

49.     Allstate denies the allegations contained in paragraph 49 of Plaintiff's Complaint. Allstate relied on the medical records review performed by Dr. Barron. (**Exhibit A**.)

50.     Allstate denies the allegations contained in paragraph 50 of Plaintiff's Complaint.

51.     Allstate denies the allegations contained in paragraph 51 of Plaintiff's Complaint.

52.     Allstate denies the allegations contained in paragraph 52 of Plaintiff's Complaint.

## RESPONSE TO PRAYER FOR RELIEF

Allstate denies that Plaintiff is entitled to any of the relief requested in the "Wherefore" clause of her Complaint.

## GENERAL DENIAL

All allegations in Plaintiff's Complaint not expressly admitted are denied.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

1.     Plaintiff's Complaint fails to state a claim upon which relief can be granted. Specifically, with respect to the claims for unreasonable delay and common law bad faith, Plaintiff's Complaint fails to include sufficient factual information that presents a plausible claim for relief on its face. Plaintiff's Complaint is a series of conclusory statements that fails to set forth sufficient factual material which, if true, would entitle Plaintiff to relief for the claims of unreasonable denial and common law bad faith. Further, Plaintiff omits material factual information that was in Plaintiff's possession and which directly contradict facts as alleged in the Complaint. Plaintiff asserts Allstate lacked any reasonable basis for its evaluation despite being

in actual possession of the medical review performed by Dr. Barron and attached as **Exhibit A**. Plaintiff's omission of this material fact mischaracterizes and misrepresents the true facts.

2.      Plaintiff has included claims for unreasonable delay and denial without performing the reasonable inquiry required by F.R.C.P. 11 and her claims are not well grounded in fact and are not warranted by existing law. Plaintiff knows that Allstate obtained a medical records review and relied on that report in the evaluation of Plaintiff's claim. Despite this actual knowledge, Plaintiff misrepresented the basis of Allstate's evaluation. Plaintiff's claims of unreasonable delay/denial are substantially frivolous, groundless and vexatious, unreasonably necessitating the effort and expense of a defense by Allstate. Therefore, Allstate shall be entitled to reasonable attorney's fees in defense of said claims for relief pursuant to F.R.C.P. 11, C.R.S. § 10-3-1116(5), and/or C.R.S. § 13-17-102.

3.      The claims presented are barred, reduced, limited, restricted, excluded and otherwise governed by the provisions of the applicable automobile insurance policies issued by Allstate. Specifically, the Policy sets forth what losses are covered, what setoffs Allstate is entitled to, and places a cap on recoverable benefits.

4.      Plaintiff's damages, if any, may be barred or limited by the provisions of C.R.S. § 13-21-102.5.

5.      As a condition precedent to coverage, Plaintiff was required to authorize Allstate to obtain pertinent medical records. The Policy specifically and unambiguously provides that Allstate "must" be authorized to obtain medical records pertinent to the claim. During the investigation of Plaintiff's claim, Defendant requested a signed medical authorization and a

signed wage authorization. Plaintiff never returned either signed authorization. Plaintiff failed to satisfy this condition precedent.

6.      Plaintiff breached the subject insurance contract by failing to comply with the terms and conditions of said contract.

7.      The alleged injuries and damages, if any, existed prior to the October 21, 2017 motor vehicle accident and recovery shall be precluded or diminished as required by law. Plaintiff had pre-existing knee pain and has a congenital defect of the knee.

8.      Should discovery reveal facts to support additional defenses, Allstate reserves the right to seek leave of Court to assert such additional defenses.

WHEREFORE, having fully answered the Complaint and all claims for relief set forth therein, Allstate prays for judgment against Plaintiff and dismissal of all claims with prejudice. Further, Allstate prays for such costs and expenses as may be incurred in this action, for expert witness fees, attorney fees, and for such other relief as the Court deems proper.

**TRIAL TO A JURY IS DEMANDED ON ALL ISSUES.**

DATED:  November 17, 2020

Respectfully submitted,

By:  *s/ Kurt H. Henkel*
Kurt H. Henkel
Winslow R. Taylor, III
TUCKER HOLMES, P.C.
Quebec Centre II, Suite 300
7400 East Caley Avenue
Centennial, CO  80111-6714
Phone:  (303) 694-9300
Fax:  (303) 694-9370
E-mail: khh@tucker-holmes.com; khh@tucker-holmes.com

-8-

*Attorneys for Allstate*

## CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2020, I electronically filed the foregoing **ALLSTATE'S ANSWER TO PLAINTIFF'S COMPLAINT** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Daniel J. Vedra
Vedra Law LLC
1444 Blake Street
Denver, CO 80202
Phone: (303) 937-6540
Fax: (303) 937-6547
E mail: dan@vedralaw.com
*Attorney for Plaintiff*

*The duly signed original held in the file located at Tucker Holmes, P.C.*

  */s/ Kurt H. Henkel*
Kurt H. Henkel