IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-3144-KLM

KATHERINE KOPP, an individual

     Plaintiff(s),

v.

ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, an Illinois Corporation

     Defendant(s).

---

## /PROPOSED/ SCHEDULING ORDER

---

Parties shall double space all pleadings in accordance with D.C.COLO.LCivR 10.1(e).

## 1.  DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

January 27, 2021 at 10:00 a.m.

| | |
|---|---|
| Daniel J. Vedra | Kurt H. Henkel, Esq |
| Vedra Law LLC | Winslow R. Taylor, III, Esq. |
| 1444 Blake Street | Tucker Holmes, P.C. |
| Denver, Colorado 80202 | 7400 East Caley Avenue, Ste. 300 |
| 303-937-6540 | Centennial, CO 80111 |
| dan@vedralaw.com | Phone:  (303) 694-9300 |
| **Attorneys for Plaintiff** | Fax:  (303) 694-9370 |
| | khh@tucker-holmes.com |
| | wrt@tucker-holmes.com |
| | *Attorneys for Defendant* |

## 2.  STATEMENT OF
JURISDICTION

Jurisdiction is proper in this Court based on 28 U.S.C. § 1332(a).

### 3.  STATEMENT OF CLAIMS AND
DEFENSES

a.      Plaintiff:  This is an action for bad faith breach of an insurance contract. On October 21, 2017, Plaintiff Katherine Kopp ("Plaintiff") was involved in a motor vehicle accident.  Plaintiff suffered a knee injury that resulted in three surgeries, prolonged physical therapy, and significant and continuing pain and suffering.  The at-fault driver's insurance carrier settled for policy limits but Allstate Fire and Casualty Insurance Company ("Allstate"), Plaintiff's uninsured/under-insured motorist carrier, refused to pay anything.  Allstate gave only one reason for declining to pay anything to Plaintiff: "the Allstate insured would be fully compensated under the tortfeasor settlement limits of $100,000."  Allstate made this statement knowing that Plaintiff's medical bills were more than double the at-fault driver's policy limits.  Allstate's denial of covered benefits was unreasonable and breached its contract of insurance covering Plaintiff.

b.  Defendant: Allstate maintains that it investigated Plaintiff's claim and when causation questions arose, it retained a qualified medical expert to review the records and provide an assessment. Based on the retained physician's opinions that the subject accident did not cause Plaintiff's injuries, and that the injuries resulted from pre-existing issues, Allstate reasonably determined that Plaintiff's damages caused by the accident did not exceed the $100,000 received from the tortfeasor. A copy of the medical records review was provided to Plaintiff and there can be no reasonable claim that Allstate did not adequately explain the basis of its decision. With respect to affirmative defenses, Allstate asserts the following defenses and will seek leave to add or withdraw defenses as discovery progresses:

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted. Specifically, with respect to the claims for unreasonable delay and common

law bad faith, Plaintiff's Complaint fails to include sufficient factual information that presents a plausible claim for relief on its face. Plaintiff's Complaint is a series of conclusory statements that fails to set forth sufficient factual material which, if true, would entitle Plaintiff to relief for the claims of unreasonable denial and common law bad faith. Further, Plaintiff omits material factual information that was in Plaintiff's possession and which directly contradict facts as alleged in the Complaint. Plaintiff asserts Allstate lacked any reasonable basis for its evaluation despite being in actual possession of the medical review performed by Dr. Barron and attached as **Exhibit A** to the Answer. Plaintiff's omission of this material fact mischaracterizes and misrepresents the true facts.

2. Plaintiff's claims of unreasonable delay/denial are substantially frivolous, groundless and vexatious, unreasonably necessitating the effort and expense of a defense by Allstate. Therefore, Allstate shall be entitled to reasonable attorney's fees in defense of said claims for relief pursuant to F.R.C.P. 11, C.R.S. § 10-3-1116(5), and/or C.R.S. § 13-17-102.

3. The claims presented are barred, reduced, limited, restricted, excluded and otherwise governed by the provisions of the applicable automobile insurance policies issued by Allstate. Specifically, the Policy sets forth what losses are covered, what setoffs Allstate is entitled to, and places a cap on recoverable benefits.

4. Plaintiff's damages, if any, may be barred or limited by the provisions of C.R.S. § 13-21-102.5.

5. As a condition precedent to coverage, Plaintiff was required to authorize Allstate to obtain pertinent medical records. The Policy specifically and unambiguously provides that Allstate "must" be authorized to obtain medical records pertinent to the claim. During the investigation of Plaintiff's claim, Defendant requested a signed medical authorization and a signed wage authorization. Plaintiff never returned either signed authorization. Plaintiff failed to satisfy this condition precedent.

6. Plaintiff breached the subject insurance contract by failing to comply with the terms and conditions of said contract.

7. The alleged injuries and damages, if any, existed prior to the October 21, 2017 motor vehicle accident and recovery shall be precluded or diminished as required by law. Plaintiff had pre-existing knee pain and has a congenital

defect of the knee.

## 4. UNDISPUTED
## FACTS

The following facts are undisputed:

1.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) in that the amount in controversy exceeds $75,000.00, and Plaintiff and Allstate are citizens of different states.

2.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

3.      Plaintiff is an individual who resides in the City and County of Denver, State of Colorado.

4.      Allstate is an Illinois corporation.

5.      Allstate has a principal place of business at 2775 Sanders Road, Northbrook, Illinois 60062.

6.      At the time of the accident, Plaintiff was insured under Allstate Policy of Insurance 987 061 582 (the "**Policy**").

7.      On or about October 21, 2017, Plaintiff was involved in a motor vehicle accident.

8.      The Policy includes "Uninsured Motorists Insurance" with policy limits of $250,000.00 per person and $500,000.00 per accident.

9.      The at-fault driver maintained a policy of insurance with liability limits of $100,000.00.

10.     With the consent of Allstate, Plaintiff agreed to settle with the at-fault driver for the full amount of the at-fault driver's policy limits.

11.     Plaintiff demanded that Allstate pay the policy limits of $250,000.00.

12.     Allstate retained Dr. Stephen Barron to perform a medical records review and provide medical opinions on the cause, nature, and extent of Plaintiff's injuries sustained in the October 21, 2017 accident.

13.     Plaintiff was immediately provided a copy of Dr. Barron's July 21, 2020 opinion letter.

## 5.  COMPUTATION OF DAMAGES

==On or before Feb. 10, 2021, Plaintiff shall file a supplement to this section identifying the categories of economic loss and itemizing damages in each category.==

Plaintiff seeks damages as follows:

Claim 1, Breach of Contract: Economic damages in the amount of at least $130,259.54, non-economic damages in the amount of at least $119,740.46.

Claim 2, Bad Faith Breach of Insurance Contract:  Two times the amount of the covered benefit recovered under Plaintiff's first claim plus attorney fees and costs as permitted by statute.

## 6.  REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

Date of Rule 26(f) meeting.

a.  Names of each participant and party he/she represented.

Daniel J. Vedra
Vedra Law LLC
1444 Blake Street
Denver, Colorado 80202
303-937-6540
dan@vedralaw.com
**Attorneys for Plaintiff**

Kurt H. Henkel, Esq
Winslow R. Taylor, III, Esq.
Tucker Holmes, P.C.
7400 East Caley Avenue, Ste. 300
Centennial, CO 80111
Phone:  (303) 694-9300
Fax:  (303) 694-9370
khh@tucker-holmes.com
wrt@tucker-holmes.com
*Attorneys for Defendant*

b.  Statement as to when Rule 26(a)(1) disclosures were made or will be made.

The parties made initial disclosures on January 13, 2021.

     c.  Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

By agreement of the parties, they disclosed initial disclosures two weeks prior to the scheduling conference.

     d.  Statement concerning any agreements to conduct informal discovery:

The parties have not made any agreements to conduct informal discovery.

     e.  Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

     The parties have agreed that depositions may be taken remotely for all witnesses, whether expert or lay.

     The parties have agreed to service of written discovery requests and written discovery responses by email.  The parties agree to work in good faith regarding the mode in which the parties exchange documents. ==Parties shall use a unified exhibit number system for depositions and trial.==

     g.  Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

     Neither party believes that the claims or defenses will involve extensive ESI.  The parties have agreed to exchange ESI in  PDF format, if possible, or some other mutually agreeable format such as .jpg, TIFF, or other similar file format.  To the extent that either party believes that either native format ESI or metadata should be disclosed, the parties agree to confer in good faith to resolve any request for production and to follow the Court's discovery dispute protocols if they are unable to resolve any disagreements. The parties shall adhere to the Sedona Principles re: electronic discovery disputes available at www.sedonaconference.org.

     h.  Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

     The parties have discussed the process for discussing settlement and agree to confer informally about settlement. If the parties are unable to settle the matter by conferral, they agree either to request a settlement conference with the Court or to engage a private mediator.

**7.**
**CONSENT**

All parties **HAVE** consented to the exercise of jurisdiction of a magistrate judge.

**8.  DISCOVERY**
**LIMITATIONS**

    a.    Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

    The parties have not modified the number of interrogatories or depositions.  The parties believe that they will not use the full number of depositions under the presumptive limits. Defendant proposes a limit of 5 depositions per party, not including retained experts or treating medical providers, subject to a showing of good cause for additional depositions or mutual agreement of the parties confirmed in writing. 5 depos per side plus experts, absent further leave of Court.

    b.    Limitations which any party proposes on the length of depositions.

    Depositions of the opposing party shall be limited to seven hours.  All other depositions shall not exceed five hours.

    c.    Limitations which any party proposes on the number of requests for production and/or requests for admission.

    No modifications to the presumptive limits except that either party may serve an additional 25 requests for admission of the authenticity of documents. The Parties do not propose limitations beyond 25 requests for production and/or 25 requests for admission.

    d.    Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:

    All written discovery requests shall be served forty-five days or more before the close of discovery.
.

    e.    Other Planning or Discovery Orders    Parties shall follow MJ Mix's discovery procedures.  Parties shall file a proposed Order under FRE 502(d) on or before Feb. 10, 2021.

### 9.  CASE PLAN AND SCHEDULE

a.      Deadline for Joinder of Parties and Amendment of Pleadings:

.March 15, 2021

b.      Discovery Cut-off:

**October 29, 2021**.  This is also the deadline to make discovery motions.

c.      Dispositive Motion Deadline:

**December 3, 2021**.

d.      Expert Witness Disclosure

1.      The parties shall identify anticipated fields of expert testimony, if any.

Plaintiff:  Plaintiff anticipates designating an expert witness to opine on whether the injuries Plaintiff sustained were related to the motor vehicle accident.  Plaintiff anticipates designating an expert witness in the field of insurance claim handling.

Defendant: Defendant may retain expert witnesses in the fields of insurance claim handling, insurance industry standards, an appropriate medical field, medical billing, and any field for which Plaintiff designates an expert.

2.      Limitations which the parties propose on the use or number of expert witnesses.

Plaintiff: Plaintiff proposes no more than one retained expert in any one field. Defendant agrees with this limitation.

3.      The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **July 23, 2021**.

4.      The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before August 20, 2021.

e.      Identification of Persons to Be Deposed:

Plaintiff:

A Rule 30(b)(6) Representative of Defendant.

Raul Sanchez

Stephen Barron, MD

Any expert disclosed by Defendant

Defendant:

Plaintiff (3-4 hours)

Any of Plaintiff's treating providers (≈ 2 hours each)

Any retained expert witnesses disclosed by Plaintiff (2-3 hours)

## 10.  DATES FOR FURTHER CONFERENCES

a.  Status conferences will be held in this case at the following dates and times:

As needed. _____.

b.  A final pretrial trial prep/jury instrux conference will be held in this case on April 15, 2022 @ 9:30 a.m. at o'clock _____m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

5-day jury trial: May 9, 2022 @ 9:00 a.m.

## 11.  OTHER SCHEDULING MATTERS

a.  Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

None.

b.  Anticipated length of trial and whether trial is to the court or jury.

Five days to a jury.

c.  Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, , La Plata County Courthouse 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.

None.

## 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13.  AMENDMENTS TO SCHEDULING ORDER

This scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this __27th__ day of __January__, 20__21__.

BY THE COURT:

_[signature]_

United States Magistrate Judge

APPROVED:

/s/ Daniel J. Vedra
Daniel J. Vedra
Vedra Law LLC
1444 Blake Street
Denver, Colorado 80202
303-937-6540
dan@vedralaw.com
**Attorneys for Plaintiff**

/s/Winslow R. Taylor, III
Kurt H. Henkel, Esq
Winslow R. Taylor, III, Esq.
Tucker Holmes, P.C.
7400 East Caley Avenue, Ste. 300
Centennial, CO 80111
Phone:  (303) 694-9300
Fax:  (303) 694-9370
khh@tucker-holmes.com
wrt@tucker-holmes.com
*Attorneys for Defendant*